IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF LAREDO.

VIKRAM DATTA

PETITIONER.

v.

UNITED STATES OF AMERICA

RESPONDENT.

---

DECLARATION IN SUPPORT OF MOTION TO VACATE THE SENTENCING

---

EXHIBIT - A

I, VIKRAM DATTA, prose, hereafter 'PETITIONER' over the age of 18 years and of sound mind, hereby make this "DECLARATION" in support of his Motion to Vacate Sentencing in Case Number: 1:09-CR-949-02 (LAK) to which he was not party. Petitioner hereby swear that petitioner do so for **"Jurisdiction and Due Process"** Constitutional violations in his **Sentencing** due to the outrageous acts of the DEA agents from NJ, AUSA Peter Skinner from US Attorney's Office (the government) and the plain error of the trial court in the SOUTHERN DISTRICT OF NEW YORK (SDNY).

**1.** Petitioner did not own any property or business and operate any business in any county of the State of New York. Petitioner sold perfumes to his customers from his warehouse/stores in Texas, Arizona and California. Petitioner never received payments from any Mexican perfume customer(s) or their agents in SDNY, and sold perfumes to them from his perfume businesses in Texas, Arizona and California. There was never any contact between petitioner's Mexican perfume customers and perfume suppliers in USA. There was never a money/drug money laundering transaction or inter-action between petitioner and SDNY.

The Honorable Court could not clarify the jurisdiction over petitioner to preside over petitioner's case in 'Motion for Clarification of Jurisdiction' (198-199) that were denied on 6/13/2019. Petitioner filed one motion but there are docket entries for two cases. (DE 209- 210).

**2.** DEA agents from NJ commenced the investigation of petitioner's perfume businesses in Texas, Arizona and California in 2009 after petitioner visited "Nandansons" a perfume company in Edison, NJ.

1

The owners of **Nadansons** Ajay Gupta and Ankur Gupta were arrested for money laundering. Guptas Introduced DEA agents as their Mexican perfume customers. DEA Task Force Officer (TFO) Recinos posing as a Mexican perfume customer ... (1) Wanted to use code-name **Valdez** to call and communicate with petitioner and bought perfumes from his perfume store in San-Ysidro (CA) in August of 2010, (2) failed in entrapping petitioner to accept over $150,000 on September 18-2010 from his contact in NY or NJ to buy perfumes in Laredo or San-Ysidro, (3) On September 24-2010 sent $50,000 with wire transfer to petitioner's perfume company "La Versailles" in Laredo, TX., (4) On September 27-2010 first time told petitioner ... he laundered drug money from USA to Colombia for **Sinaloa Cartel** and offered $10,000 to launder the balance to Panama, and (5) Petitioner refused to launder money and returned $50,000 to the sending bank with wire transfer on September 29, 2010. **(Exhibit-1).**

3.    Deepak owner of Fragrances Unlimited in NY, told petitioner in or around 2008 that his friend Rajiv Oberoi was cooperating and assisting the DEA in NJ, in the investigation of perfume businesses in New Jersey, New York and Laredo, TX. Deepak informed petitioner in early October of 2010, that DEA's informants had delivered over $100,000 in cash payments to three perfume businesses in New York and New Jersey including 'Perfumes Unlimited' in New York City (SDNY) on behalf of Virender Sharma owner of **T M Perfumes** in Laredo, TX. Deepak claimed that he received his information from his FBI friend in Long Island, NY. Virender Sharma was indicted in 2016 and sentenced for 44 counts of 'Financial Crimes' for not reporting the cash transactions in the amount of over $10,000 to IRS on Form 8300s.

4.    In November of 2010 Petitioner's one Mexican perfume customer was kidnapped in Mexico for ransom. Petitioner enquired from Recinos if he could give ten (10) million Mexican Pesos to the family of his Mexican customer on November 18, 2010. Petitioner told Recinos that he would wire his money to his bank account in USA. Recinos did not have money in Mexico, he offered to help petitioner's customer with his contacts in Mexico. This is the basis for **the prosecution** of petitioner for conspiracy to launder the proceeds of drug trafficking with undercover agents from Mexico to USA in Superseding Indictment: S1-11-Cr-102 (LAK). **(Exhibit-2)**.

5.    Recinos repeated information from wiretaps to coerce petitioner to launder drug money from USA to Colombia, Not, from Mexico to USA. Recinos told petitioner to meet him in Las Vegas. Petitioner met Recinos in Las Vegas on /12/7/2010. Petitioner ranted "Its' all Sinaloa Money and 90% sure" for all the money in Mexico could be 'Sinaloa Money' to pump Recinos up for helping his customer with his

alleged 'Sinaloa Cartel' connections in Mexico.

6.     Deepak was aware that petitioner called DEA agent Recinos and enquired about borrowing ten (10) Million Mexican Pesos in Mexico to free his kidnapped customer. Deepak purchased $53,980.00 worth of perfumes from petitioner credit on November 18, 2010, but never paid petitioner back that invoice and his balance even when petitioner took him to court to collect his unpaid balance. (**Exhibit-3**).

7.     Petitioner's customer was released by his kidnappers in Mexico in December of 2010. Recinos solicited petitioner to go to SDNY on 1/15/2011. Recinos deceived petitioner into thinking that the purpose of the meeting was to 'placate' the individual who was holding his kidnapped customer in Mexico. Petitioner went to SDNY to meet Recinos out of fear for the safety of his family in Laredo, TX. Since petitioner wanted to borrow money in Mexico from Recinos and return pay him back with wire transfer in USA, the government fabricated an illegitimate case for conspiracy to launder drug money from Mexico to USA with undercover agents for Sinaloa Cartel. Recinos was the only "Sinaloa Cartel" in the case of petitioner. This is the basis for Complaint 11 MAG 108, arrest warrant 11 MAG 108 for Count One in Case: 1:11-mj-0108-UA, first Superseding Indictment: S1-11-Cr-102(LAK) filed on 8/9/2011, and second Superseding Indictment: S2-11-Cr-102(LAK) filed on 8/23/2011 for conspiracy to launder the money represented by undercover agents to be the proceeds of drug trafficking from Mexico to USA.

8.     DEA agents from NJ arrested petitioner on 1/15/2011 in SDNY pursuant to invalid arrest warrant and Complaint 11 MAG 108 for Count One in Case Number: 11-mj-0108-UA prepared by (TFO) Anthony Madlone of Bayonne Police (NJ). AUSA Peter Skinner approved the Complaint and Arrest warrant for Count One on 1/14/2011 signed by **someone** for Magistrate Judge Debra Freeman. (**Exhibit 4-5**).

9.     The government created the venue and the jurisdiction of SDNY by arresting petitioner **illegally** in SDNY so he would be prosecuted for conspiring with undercover agents to launder the proceeds of drug trafficking from **Mexico to USA** with false allegation ... Petitioner sent over $100,000 with wire transfers on October 5-6, 2010 to three (3) perfume businesses in SDNY. The Clerk of the District Court in SDNY sent petitioner another falsified arrest warrant 11 MAG 108 that was signed by **someone** as Magistrate Judge Honorable Debra Freeman on 5/22/2017. (**Exhibit-6**).

10.    On '1/15/2011' Petitioner told DEA Special Agent John Post ... he had petitioner confused, with Sharma for whom his informants delivered money in early October of 2010, petitioner did not commit any crime and was arrested wrongfully. Petitioner requested Post to call Deepak at (212) 629-4474 to

3

confirm, Deepak knew the details from his FBI friend in Long Island. Agent Post replied "I know" and said, *"Petitioner did not have to commit any crime to get arrested. It was him who decided who get arrested and goes to prison, if petitioner did not plead guilty for money laundering and did whatever agents told him to do, Post will put so much gas on petitioner his family and friends will disown him, the judge is going to believe the Prosecutor and Post. Petitioner will do twenty (20) years in jail".*

**11.**   Agents kidnapped petitioner in SDNY and took him to DEA Field office in Newark (NJ) to plead guilty for laundering drug money. Petitioner refused to plead guilty and asked for lawyer. Agents took petitioner hostage and kept him in unlawful captivity in 'Passaic County Jail' (NJ) until 1/18/2011. Petitioner had an inmate in the next cell call his home phone number at the time (956) 717-1907 in Laredo, Texas, to tell his wife to arrange a lawyer for petitioner.

**12.**   Agents brought petitioner from Passaic County Jail (NJ) to the federal district courts in SDNY on 1/18/2011. Magistrate Judge Honorable James L. Cott ordered petitioner's detention pending trial without verifying the jurisdiction or probable cause for his arrest. Petitioner's initial hearing was set for 2/8/2011. The government arrested Hilario Martinez Garcia aka **Hilario** on 1/18/2011 in Laredo, TX., for Conspiracy to launder the proceeds of drug trafficking in SDNY from "June of 2009 to January of 2011" in Case: 11 CR 578 (VM). Hilario owned a currency exchange business aka **'casa di cambio'** in Nuevo Laredo in Mexico. Faustino Garza-Gonzalez aka **Fausto** managed the currency exchange business for Hilario in Mexico. The government arrested Fausto on 8/23/2011 in Laredo, TX., for Conspiracy to launder the proceeds of drug trafficking in SDNY from "June of 2007 to October of 2011" in Case: 11 CR 102 (LAK).

**13.**   The government attributed a deposit in the amount of $36,9222 of Martinez/Hilario/Garcia on 1/17/2011 from Tamaulipas (TA), a deposit in the amount of $123,000 of Gonzalez/Andres/Avila from T M Perfumes in Laredo, TX., on 1/19/2011, and a deposit in the amount of $13,000 in BK OF AMERICA in VA., of VIVEK DATTA with the bank deposits of petitioner's perfume businesses in TX., AZ., and CA., in order to fabricate the case for conspiracy to launder the proceeds of drug trafficking in USA. (**Exhibit-7**).

**14.**   Fausto exchanged the Mexican Peso for US Dollars for Mexican customers in Mexico. In order to save bank charges, Hilario brought the payments of Mexican perfume customers, from Mexico to USA in cash. Hilario's business was licensed by Mexican government and approved to carry cash payments between Mexico and USA. Hilario declared all cash payments to US Custom Agents at port of entry.

**15**.   The government arranged an offense on 1/31/2011 to "Complete" the alleged conspiracy in order to have a crime to prosecute in SDNY. On '2/3/2011' The government closed/merged the Case:

4

1:11-mj-0108-UA in Case: 11 CR 102, and filed Indictment: 11 CRIM 102 within 72 hours, of the arranged offense on 1/31/2011. Petitioner was charged alone for Conspiracy to launder the proceeds of drug trafficking, (Count One), and Conspiracy to launder the proceeds of drug trafficking with undercover agents from Mexico to USA (Count Two). (**Exhibit-8**).

16. The government did not hold the preliminary hearing for "probable cause" for the arrest of petitioner on **2/8/2011**. The Honorable Court arraigned petitioner alone on Indictment: 11 CRIM 102 on **2/10/2011**. Petitioner's jury trial was set for **9/12/2011**, speedy trial act was compromised.

17. The government concealed the Case: 1:11-mj-0108-UA, in Case: 11 CR 102 (LAK) and continued the prosecution of petitioner in the complaint 11 MAG 108 for Count One in Case: 1:11-mj-0108-UA. The government expanded the Complaint in to three count Indictment without grand jury approval and filed on **8/9/2011** as Superseding Indictment: S1-11-Cr-102 (LAK) for conspiracy to launder the proceeds of drug trafficking with undercover agents from **Mexico to USA** in Case Number: 11 CR 102 (LAK), because Case: 1:11-mj-0108-UA was already closed/merged on 2/3/2011 in the Case: 11 CR 102. (**Exhibit-9**). ⁻9 A

18. The government continued and superseded the Superseding Indictment: S1-11-Cr-102 (LAK), with second Superseding Indictment: S2-11-Cr-102 (LAK) for conspiracy to launder the proceeds of drug trafficking from **Mexico to USA** with Faustino Garza-Gonzalez aka Fausto in counts Two and Three on **8/23/2011**. (**Exhibit-10**).

19. Hilario pleaded guilty for 18 USC 1956 (h) conspiracy to launder the proceeds of drug trafficking in SDNY from June of 2009 to January of 2011 charged in Superseding Count One "11 Cr." in Case # 11 CR 578 (VM) before Magistrate Judge Honorable Frank Mass on July 8, 2011. (**Exhibit-11**). Hilario waived Rule 11, Fed, R. Crim. P., proceedings be conducted before an Article 111 Judge and indictment. (**Exhibit-12**). There is no record in the federal data base **Pacers stating if** Hilario's plea accepted or if he was ever sentenced. Hilario's plea was not **docketed** it was retained in the chambers (**Exhibit-13**).

20. In April-May of 2011, Attorney's Diarmuid White and Alan S. Ross reviewed (**S**) indictment with two counts in which petitioner was charged with Hilario for Conspiracy to launder money represented by undercover agents to be the proceeds of drug trafficking from Mexico to USA (Count One), and Conspiracy to launder proceeds of drug trafficking in SDNY (Count Two).

21. In June-July of 2011, Attorney White reviewed the Superseding Indictment: S1-11-Cr-102 (LAK) of Hilario with three counts in which petitioner was charged as a co-defendant with **Hilario.** Attorney

5

Diarmuid White informed petitioner count three for conspiracy to violate Travel Act was added because Hilario brought money for Fausto from Mexico to USA.

**22.** In early August of 2011, Attorney Diarmuid White told petitioner that he had another case with AUSA Peter Skinner that was not related to petitioner's case. That case was given to Attorney White by Public Defendant's Office.

**23.** On 8/9/2011 The government filed Superseding Indictment: S1:11-Cr-102(LAK) that charged petitioner alone in three counts for conspiring with undercover agents to launder the proceeds of drug trafficking from **Mexico to USA** according to petitioner's call to Recinos on 11/18/2010. Conspiracy to launder money represented by undercover agents to be the proceeds of drug trafficking from August of 2010 to January of 2011 (Count One), Conspiracy to launder the proceeds of drug trafficking from June of 2009 to January of 2011 with false allegation ... Petitioner sent over $100,000 with wire transfers on October 5-6 of 2010 from one company owned by him, to three perfume businesses in New York, NY in order to launder the proceeds of drug trafficking from **Mexico to USA** (Count Two), and Conspiracy to travel in interstate and foreign commerce in aid of money laundering on 1/18/2011 when petitioner travelled as hostage of agents from Passaic County Jail (NJ) to the District Courts in SDNY. (Count Three).

**24.** On 8/18/2011 The government held an arraignment for petitioner before Magistrate Judge Honorable Andrew J. Peck for **two sets** of counts: 1-2, 1s-2s,3s, 1ss-2ss,3ss in **two cases**. Petitioner was not taken to the court for his arraignment in violation of Fed. R. Crim. P. 43, Fifth and Sixth Amendment. Attorney Diarmuid White was present with defendant **Valdez** and AUSA Peter Skinner. Agent Recinos wanted to used code name 'Valdez' to communicate with petitioner. (**Exhibit-14**). Petitioner's 2nd jury trial was set for 9/12/2011 in Count: 1-2, 1s-2s,3s, 1ss-2ss,3ss. The first trial in Indictment: 11 CRIM 102 was set by the Honorable District Court on 2/10/2011. The government fabricated a falsified transcript for petitioner's arraignment on superseding indictment (S1) on 6/15/2016, after petitioner filed the "Motion to Unseal and Deliver" in May of 2016 showing petitioner was present in the court - Petitioner was not present in the court. (**Exhibit-15**).

**25.** The Honorable Court was not available on 8/18/2011 for arraignment. Petitioner did not waive his Fed. R. Crim. P 11 for his arraignment to be conducted before an Article 111 Judge. (**Exhibit-16**). US Attorney's Office did not provide the copy of the Call Log for August 18, 2011 from MCC in SDNY and US Marshalls record to take petitioner to the court for arraignment on the superseding indictment (S1)

6

and brought him back after his arraignment on 8/18/2011 in January of 2017. (**Exhibit-17**).

**26.** On 8/23/2011 The government arrested Fausto in Laredo, TX, for conspiracy to launder the proceeds of drug trafficking in SDNY in Case: 11 CR 102 (LAK). The government filed the Superseding Indictment: S2-11-Cr-102 (LAK) in which **Fausto** was charged a defendant with petitioner in counts 2,3 for conspiracy to launder the proceeds of the drug trafficking from "June of 2009 to January of 2011" from **Mexico to USA** with the allegations of Case: 1:11-mj-0108-UA.

**27.** On 8/26/2011 Fausto appeared before Magistrate Judge Honorable James C. Francis. Fausto's Initial hearing was set for '9/7/2011'. The government issued trial subpoena to petitioner for Indictment S1-11-Cr-102(LAK). (**Exhibit-18**).

**28.** On 9/7/2011 in Fausto's pretrial conference, Fausto was not present in the court. Petitioner's attorneys White informed petitioner that the government superseded, the first superseding indictment of Hilario, with the second superseding indictment of Fausto. Attorney White presented a document claiming it to be the (S2) Indictment in the Attorney/client booth with glass partition, and showed the first line of Count Two and Count Three to confirm that petitioner was charged as a co-defendant of Fausto. Both Attorneys White and Ross advised petitioner to waive the grand jury approval of that S2 Indictment so that trial would proceed as it was scheduled on 9/12/2011. The Honorable Court informed petitioner in open court ... (1) The grand jury was not working, and (2) Petitioner's attorneys waived the grand jury approval of the (S2) indictment to go to trial. The Honorable Court arraigned petitioner on a (S2) Indictment, then declared it defective and Ruled: the 9/12/11 trial of defendant Datta will proceed on (S1) Indictment and sentencing will be held on the (S2) Indictment. The Honorable Court arraigned petitioner on another (S2) Indictment, not on the (S1) Indictment in which petitioner was to stand trial on 9/12/2011. Petitioner saw Hilario in the court at the end of the pretrial proceedings in the line of the defendants that were being brought back to MCC by US Marshalls. The government cut the pretrial transcript on 9/7/2011. (**Exhibit-19**).

**29.** On 9/8/2011 Fausto waived his prosecution for 18 United States Code Sections 1956(h) and 371 by indictment. (**Exhibit-20**). Fausto plead guilty before Magistrate Judge Honorable James L. Cott to Count One and Count Two of Superseding Information: S3 11 Cr. 102 (LAK) for conspiracy to launder the proceeds of drug trafficking in SDNY from "2007 to August of 2011" for (18 U. S. C. Sections 371, 1956 and 982, and U.S.C. Section 853). (**Exhibit-21**). Fausto gave up his rights to present his case to grand jury,

7

and rights to trial for sentencing (Page-4). (Page-20). (**Exhibit-22**).

**30.** On '9/9/2011' Fausto told AUSA Skinner ... (1) Fausto started working with Alberto Martinez who had dirty dollars in Mexico City between middle of the January-February of 2011, and principally bought dirty dollars from Alberto Martinez. (Page-2). (**Exhibit-23**).

**31.** On 9/12/2011 The government held petitioner's trial on the indictment: S1-11-Cr-102 (LAK) for conspiracy to launder the proceeds of drug trafficking with the money represented by undercover agents to be the proceeds of drug trafficking from Mexico to USA lacking subject matter jurisdiction i.e. any drug money laundered in violation of Rule 12(b)(1). The agents did not have drug money. The Honorable Court did not have "Jurisdiction" to hold petitioner's trial on the Superseding Indictment: S1-11-Cr-102 (LAK) from closed/merged Case 1:11-mj-0108-UA. The Honorable Court neither issued an order to hold petitioner's trial nor arraigned petitioner for trial before 9/12/2011 on the Superseding Indictment: S1-11-Cr-102(LAK). The government held **Mock trial,** which in-fact was **probable cause** hearing for the arrest of petitioner on expanded complaint 11 MAG 108 in Case: 1:11-mj-0108-UA. The jury returned a verdict of 'Guilty' on Indictment: S1-11-Cr-102(LAK) on 9/27/2011 (**Exhibit-24**).

**32.** On 9/27/2011 There are two entries for jury verdict in two cases. The Honorable Court never informed petitioner of holding his trial in two superseding indictments (S1) in two cases. The Honorable Court issued Oral Order as to Probation for Presentence Investigation and Reports 'PSR' for petitioner's sentencing as to (S1-11-Cr-102-01) on 1/20/2011 at 10.30 AM was issued. (DE-55). The government concealed its (OGC) of prosecuting petitioner without 'probable cause' and 'jurisdiction' determination and in violation of Rule 12(b)(1) in Case: 1:11-mj-0108-UA i.e. DC Docket # 1:11-cr-102-1 (LAK), after closing/merging the Case: 1:11-mj-0108-UA, in Case: 11-cr-0102 on 2/3/2011.

**33.** On 9/27/2011, The government filed Fausto's plea that was entered on 9/8/2011 under the name Ovalles. The Honorable Court accepted and backdated Fausto's plea from 9/8/2011 to 9/4/2011 on Superseding Information: S3 11 CR 102 (LAK) in Case: 11 CR 102 (LAK), after the Fact ... Petitioner's trial was over with a guilty verdict against petitioner on Superseding Indictment: S1-11-Cr-102 (LAK) from Case: 1:11-mj-0108-UA, in which Honorable Court did not have jurisdiction over petitioner to hold the trial. The Honorable Court manipulated "**Jurisdiction**" over petitioner in Case: 11 CR 102 (LAK) by forging the dates of Fausto's plea from 9/8/2011 to 9/4/2011, 72 hours before pretrial conference of Fausto on 9/7/2011, and 72 hours after the offense on 8/31/2011 for which Fausto was sentenced by

8

the Honorable Court on 6/21/2012. The day 9/4/2011 was Sunday of Labor Day weekend. **(Exhibit-25)**.

**34.** On 12/20/2011 Petitioner's Rule 29 Motion was held on Case: 11 cr. 102 (LAK) in which the Case: 1:11-mj-0108-UA, was merged on 2/3/2011. The Honorable District Court granted the Rule 29 acquittal Count One, and denied in Count Two and Count Three in two cases: 1:11-mj-0108-UA, and Case: 11-CR-102 (LAK). The Honorable District Court inserted the offense **subject matter jurisdiction** arranged by the government on 1/31/2011 to deny the Rule 29 Motion Acquittal and Rule 33 Motion for new trial on Count Two and Count Three in the said two cases. (DE-75).

**35.** The Honorable District Court **INSERTED** the fact of an offense arranged by the government on 1/31/2011 i.e. the 'Subject Matter Jurisdiction' and 'jurisdiction' to preside over petitioner's case from '2/10/2011' after arraigning petitioner on Indictment: 11 CRIM 102. This offense (transaction) did not exist in Complaint: 11-MAG 108 (Case: 1:11-mj-0108-UA), any of the (3) indictments filed for petitioner in Case: 1:11-mj-0108-UA i.e. 11-CR-0102-1 (LAK) and in the trial record evidence of the petitioner: (Rule-29-T-9) Line-8:

THE COURT: The agreement was to take the money from Garza and give him back perfumes. So the knowledge is satisfied by Mr. Datta's 90 percent certainty that it is drug money. That shows that he knows that what he's doing laundering drug money, and the fact that he takes the cash and supplies with perfumes demonstrates the agreement.

Whereas, the following facts in trial record are contrary to the fact cited by the Honorable Court:

**T-111- Agent Recinos-Cross**

Q. September 27, 2010, the day you told him that you were working for the Sinaloa Cartel, how much perfume has Mr. Datta [112] sold to you?
A. None.
Q. How much cash since that date has Mr. Datta received from you?
A. Since September?
Q. 27th-?
A. None.

**T-220-HILARIO-Direct:**

Q. All Right. After giving the money to the perfume stores in Laredo, Texas, did you take the perfumes from them?
A. No, sir.

**T-279-HILARIO-Cross: Line-3**:

Q. When you went to La Versailles Fragrances with the $100 bills, you gave them to ladies there you

9

Q. Did you tell them that you believed that this was narco dollars?
A. No, sir.
Q. Why not?
A. No, we never said that; they had no reason to know that.
Q. You didn't want them to know that, did you?
A. No. Those were instructions from Fausto; deliver the money and that's it.

### T-306-Ankur Gupta-Cross

Q. "OK. And you said that this offense that you were involved in under name of Alonzo involved $5,725,000, is that right?
A. "More or less, yes."
Q. And to be sure that we all understand, Mr. Datta over here, Vikram Datta, had absolutely nothing to do with any of the criminal activity you and your dad were involved in?
A. Nothing.
Q. None at all?
A. None at all.

### T-569-FAUSTO-Direct:

Q. After you turned the money over to perfume shops did you take possession of the perfumes back in return?
A. No.

### T-572

Q. What were the names of those two people?
A. Carlos Martinez Amador and Mr. Alberto. [T-573]
Q. Mr. Alberto, where was he located?
A. In Mexico City.

### T-581:

**THE COURT**: What you have to prove is that the defendant thought that it was drug money, at least on some of your claims, and whether this guy thought that it was drug money or not is beside the point. Now, you've got this giant coloring book of Bugs Bunny. The fact you have not colored in the years is not going to prevent jury from realizing that its Bugs Bunny.

### T-583- Fausto Direct

Q. Did you ever carry large sums of money over the border yourself?
A. No.

36.     The jury went to the government's witness "Roxanna" on 9/15/2011 and asked, "What do you think, he is guilty or not?" Petitioner was not aware that District Judge Honorable Richard J. Sullivan presided over petitioner, in one case for forfeiture proceedings. (DE-78). (**Exhibit-26**).

37.     The Honorable Court ordered the PSR on Case (S1-11-Cr-102-01) on 9/27/2011. Government prepared grossly inaccurate 'PSR': **P60571/DD** for petitioner on December 14, 2011 on the counts of DKT. # S2 11 CR 102-01 (LAK) that was revised on January 13, 2012 for the sentencing of petitioner on '1/20/2012'. The probation prepared the PSR for petitioner for the offense in Count 2: Conspiracy to

10

Commit Money Laundering (18 USC 1956(h)), a Class C felony, and for offense in Count 3: Conspiracy to Travel Internationally in Aid of Racketeering Enterprises (18 USC 371), a Class D felony. The Honorable Court did not hold the trial of petitioner, and the jury did not find petitioner guilty on the Counts 2 and 3 of the DKT. # S2 11 CR 102-01 (LAK). Probation prepared the 'PSR' on DKT. # S2 11 CR 102-01 (LAK) with wrong Date of Birth: October 26, 1960 and wrong date of arrest on January 11, 2011, and the forfeiture allegations as to Count 1-2,3 for $40,000,000 for each count. (**Exhibit-27**).

**38.** Paragraph 10 of 'PSR' wrongly states ... Faustino Garza Gonzalez (P562183/D. Doino) appeared on September 8, 2010, before the Honorable Lewis A. Kaplan in the Southern District of New York and pleaded guilty to **Count 2** for [Conspiracy to Commit Money Laundering] and **Count 3** [Conspiracy to Internationally Travel in Aid of Racketeering Enterprise] only. Faustino Garza-Gonzalez pleaded guilty on Counts 1-2 of superseding information: (S3) 11-CR-102-02(LAK) on 9/8/2011 in Case: 11 CR 102 (LAK) before Magistrate Judge Honorable James L. Cott.

**39.** On 1/20/2012 The Honorable District Court sentenced petitioner for the offense arranged by government in Case: 1:09 CR-949-02 (LAK) for the offense arranged by the government on 1/31/2011. (ST-48):

MR. WHITE: But consider this, that my argument was directed to the counts of conviction, Count Two and Three of the money essentially from Fausto Garcia and Hilario Martinez, what his statement of mine was with that.

**40.** On 1/20/2012 The Honorable Court adopted the recommendations of the 'PSR' prepared for the on DKT. # S2 11 CR 102-01 (LAK) and sentenced petitioner on Count 2: Conspiracy to Commit Money Laundering (18 USC 1956(h)), a Class C felony, and Count 3: Conspiracy to Travel Internationally in Aid of Racketeering Enterprises (18 USC 371), a Class D felony.

**41.** The Honorable District Court dismissed all open counts in all other indictments against petitioner on the motion of the government after sentencing on '1/20/2012'. (ST-55) Line 24:

MR. SKINNER: Not, with regard to the sentence but there are other indictments against the defendant. We would (ST-56) move to dismiss all counts of those indictments.

**42.** Petitioner respectfully submits his "Sentence Monitoring Computation Data" as of 02-03-2014 on USM # 64542-054. Petitioner was remanded to the custody of US Marshals on 1/20/2012. (**Exhibit-28**).

**43.** US Marshals delivered (committed) petitioner to Bureau of Prisons (BOP) at FCI Bastrop, Texas, pursuant to Imprisonment Order on Case: 1:09-CR-949-02(LAK) on '2/29/2012'. The Authenticity of the

11

document is evidenced with the Fax No: 1 (212) 637-6132 on top of document 90 (amended judgment) filed on 02/08/12 on Case Number: 1: (S2)11-CR-0102-01(LAK). The government used Docket Number: 1: (S2) 11-CR-0102-01, as Case Number: 1: (S2) 11-CR-0102-01(LAK) in order to conceal Case Number: 1:09-CR-949-02(LAK) in which petitioner was sentenced on 1/20/2012. (**Exhibit-29**).

**44.** Petitioner reviewed his 'Statement of Reasons' and 'Sentencing Computation Data' on the Case: 1:09-CR-949-02(LAK) after this Honorable Court amended Judgment of Conviction for petitioner on Case: (S1)11-CR-0102-01(LAK) on 10/14/2016. The government sealed the Statement of Reasons and made it exempt under Freedom of Information Act (FOIA) in 2017. (**Exhibit-30**).

**45.** In September of 2016 Petitioner hand-copied the following information when reviewing his 'PSR" for his **Sentencing** in Case: 1:09-CR-949-02(LAK) for the offense arranged by the government on 1/31/2011 from his Sentencing Computation Data. (**Exhibit-31**).

*** Information from Sentencing Computation Data from the PSR of Petitioner Vikram Datta ***

| | |
|---|---|
| Defendant: Vikram Datta | Case Number: 1:09-CR-949-02(LAK) |
| FBI # 474001 XAI    Docket # (S2)11-CR-0102-01 | Offense Code: 548 |
| Offense Charged: 18-1956(h) and 18-371 | Sentence Procedure: 3559 PLRA Sentence |
| Date of Offense: 1/31/2011 | Case Number: (S2)11-CR-0102-01(LAK) |

Date of Original Judgment: 2/7/2012, Defendant was found guilty on (S2) Count Two & (S2) Count Three

***The FBI Criminal Justice Information Services Division Clarkburg, WV 26306***

| | | |
|---|---|---|
| EX-0110-17-C | ICNE 2012089000000144431 | TCN- 0036498799 |

**46.** All the judgment's original and two amended have misstatement of the sentencing counts as compared to the counts of jury conviction in Superseding Indictment: S1-11-Cr-102 (LAK). The Honorable Court issued the 'ORIGINAL' Judgment of Conviction (J&C) on Case Number: 1(S2)11-CR-0102-01 (LAK) on 2/6/2012 adjudicating petitioner guilty of these offenses evidenced in document 88 filed in Case: 1:11-cr-0102-LAK on 2/7/12. (**Exhibit-32**).

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | 1/31/11 | (S2)Two |
| 18 USC 371 | Conspiracy to Travel Internationally in Aid of Racketeering | 1/31/11 | (S2)Three |

**47.** The Honorable Court amended the Judgment of Conviction (J&C) on 2/8/2012 on Case Number:

1(S2)11-CR-0102-01(LAK) with Sentencing Orders on Case: 1:09-CR-949-02(LAK) pursuant to which Petitioner was Committed to Bureau of Prisons by Honorable Court for 235 Months on Count (S2) Two, and 60 Months on Count (S2) Three. US Marshals delivered petitioner to FCI Bastrop on 2/29/2012 pursuant to Imprisonment Order(s) on Case: 1:09-CR-949-02(LAK) evidenced in Document 90 filed on 02/08/12 in Case: 1:11-cr-00102-LAK in which petitioner paid $200 in Criminal Monetary Penalties in April of 2012. (**Exhibit-33**).

**48.** The Honorable Court amended the Judgment of Conviction (J&C) for a second time in its Order on 10/13/2016 on Case Number: 1 (S1)11-CR-0102-01 (LAK) on Count(S1) Two for 235 Months, and on Count(S1) Three for 60 Months without amending the PSR, Statement of Reasons. The government filed a sealed 'PSR' on '4/20/2018'. Petitioner's 'Sentencing Computation Data' and 'Statement of Reasons' continue to be on Case: 1:09-CR-949-02(LAK) after '4/20/2018'. The Honorable Court did not resentence petitioner on Count(S1) Two and Count(S1) Three in Case: 11-cr-0102. (**Exhibit-34**).

**49.** The Honorable Court did not have authority under Fed. R. Crim. P. 35(a) to enter an amended Judgment on 2/8/2012 and 10/13/2016 because such corrections had to be made within fourteen (14) days after sentencing on "1/20/2012". The Honorable Court violated Fed. R. Crim. P. 32 by failing to disclose factual evidence on which it relied to impose Sentencing in Case: 1:09-CR-949-02(LAK) for the offense on "**1/31/2011**" and Forfeiture in Case: 11-cr-0102 on to petitioner.

**50.** The Honorable Court sentenced Fausto on 6/21/2012 on Counts (S3) One and (S3) Two in Case: 1: (S3)11-CR-102-02 (LAK) for an offense that ended on 8/31/2011. (**Exhibit-35**).

**51.** Fausto's plea was modified on 6/28/2012 within a month of filing of the direct appeal 12-647-cr of petitioner on 5/29/2012. Fausto's plea was modified from **Not Guilty** for Counts 2,3 in Superseding Indictment: S2-11-Cr-102 (LAK) from Case: 1:11-mj-0108-UA, to **Guilty** for Counts 1s,2s in Superseding Information: 1: (S3)11-CR-102-02(LAK) in Case: 11 CR 102 (LAK) for conspiracy to launder proceeds of drug trafficking in SDNY from "**2007 to August of 2011**" in which petitioner's name was added without "**jurisdiction and grand jury approval**" causing "**due process**" violation in the direct appeal of petitioner evidenced in the Mandate 12-647-cr: United States v. Garza Gonzalez 512 Fed. Appx. 60 (2d Cir.2013).

**52.** In 2013, Attorney Brendan White visited petitioner after loosing the direct appeal 12-647 cr. Petitioner asked Brendan White what happened to the defendant in their other case with AUSA Peter Skinner. Brendan White told petitioner that they advised their client to plead guilty on their advice.

13

Petitioner asked Brendan White what happened to the defendant in their other case with AUSA Peter Skinner. Brendan White told petitioner that they advised their client to plead guilty on their advice.

**53.** On 6/1/2016 The Honorable Court Ruled in the order ... (1) Fausto was the only defendant with Petitioner in this case. The Docket of Case: 1:11-cr-00102-LAK and 1:11-cr-00102-LAK-1 indicates that petitioner's Pending Counts: 18:1956-4999.F Money Laundering-Fraud, Other (Conspiracy) (2s) for 235 Months imprisonment to run concurrently with Count (3s) 18:371. F Conspiracy to Violate the Travel Act for 60 Months are related to 18:1956-4900 F. Money Laundering-Bankruptcy related 18:1956-4999. F Money Laundering-Fraud, Other (Conspiracy). Highest offense level (Felony) was terminated in the Complaint for 18 U.S.C. 1956(h) Conspiracy to Commit Money Laundering.

**54.** On 10/14/2016 The Honorable Court amended the Judgment for a second time on Case: 1: (S1)11-CR-0102-01(LAK) for Counts (S1) Two (235 Months), and Count (S1) Three (60 Months) **without amending the 'PSR' and resentencing** petitioner on Counts (S1) Two for 18 U.S.C. 1956 (h) Conspiracy to Commit Money Laundering, and on Count (S1) Three for 18:371. F Conspiracy to Travel Internationally in Aid of Racketeering Enterprises for the Offense on 1/31/2011.

**55.** On 10/22/18 The Honorable Court denied petitioner's 'Section 5 USC 552 (a) Motion for Indictments, "PSR" and Sealed Document' for Original Indictment on which petitioner was sentenced on 1/20/2012 and the indictments in which Judgment(s) were amended on 2/8/2012 and 10/13/2016 without prejudice to any civil action pursuant to 701 A. (DE-193).

**56.** On 1/15/2019 The Honorable Court denied the RULE 52 (b) Motion for relief from Plain Error in 'PSR" and Sentencing Judgment and Ruled .... Petitioner was not party to Case: 1:09-CR-949-02(LAK). Whereas, petitioner was sentenced in Case: 1:09-CR-949-02(LAK) on '1/20/2012'.

**57.** On 1/22/2019 Petitioner filed one "Motion for Clarification of Jurisdiction" that was entered in two Cases in DE-198, and DE-199. The Honorable Court could not clarify jurisdiction over petitioner's case and denied the motion in two cases in (DE-209) and (DE-210) on 6/13/2019.

**58.** On 7/29/2019 The Honorable Appeal denied petitioner's Appeal in Docket: 19-1726, in which Honorable Appeal Court found ... Petitioner was not party to Case: 1:09-CR-949-02(LAK) in which he has been incarcerated for the offense manufactured by the government on 1/31/2011 without "Jurisdiction and Due Process".

**59.** On '4/20/20' The Honorable Court's order states .... On October 14, 2016 by the entry of second

amended judgment, which correctly (a) showed that Datta was **tried** on the first superseding indictment (S1), and (b) reflected the 11-cr-0102 docket number on every page of that judgment. (DI 180.).

The Order of the Honorable Court does not state .... Datta was **sentenced** on the first superseding indictment (S1) filed in Case: 11 CR 102 (LAK), in which the jury found petitioner **guilty** on 9/27/2011. The Honorable Court did not arraign petitioner (Datta) in the first superseding indictment (S1) filed on 8/9/2011 in Case: 11 CR 102 (LAK), in which petitioner was tried on 9/12/2011. The Honorable Court did not sentence petitioner (Datta) in the first superseding indictment (S1) on 1/20/2012. The Honorable Court did not resentence petitioner on the superseding Indictment (S1), before amending the judgment on 10/13/2016 in Case: (S1) 11-CR- 0102-01 (LAK).

I, Vikram Datta, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct to the best of my personal knowledge and ability.

Further Declarant sayeth not.

Executed on this the 25th day of September, 2020.

Respectfully Submitted

*Vikram - Datta*

Vikram Datta   USM # 64542054

7512 Delfina Drive Laredo, TX.  78041


JURAT

COUNTY OF WEBB

STATE OF TEXAS

On this the 25th day of Sept., 2020, before me, a Notary in the State of Texas, appeared the man, Vikram Datta, who proved to me based on satisfactory evidence to be the person whose signature is subscribed herein to this DECLARATION, and the man did attest under penalty of perjury as to the truth of the statements made herein.

LORENZO V. GARCIA, JR.
My Notary ID # 7237395
Expires July 20, 2023

Notary Public